UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| IN RE:<br><br>ESTATE OF ANGELA D. SIMPSON-MANIGAULT,<br><br>                          Debtor. |
| ESTATE OF ANGELA D. SIMPSON-MANIGAULT,<br><br>                          Appellant,<br><br>         -against-<br><br>UNITED STATES TRUSTEE,<br><br>                          Appellees. |

25-CV-8199 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

The Court reopened this case on May 11, 2026, and set a briefing schedule for the appeal. ECF No. 6. On May 27, 2026, Appellant (proceeding pro se) filed an emergency motion seeking an extension of time to file the Designation of the Record and Statement of the Issues with the bankruptcy clerk and a stay of "all other proceedings," including three ongoing foreclosure actions. ECF No. 7 ("Stay Motion"). Appellant cites Rule 8007 of the Federal Rules of Bankruptcy Procedure as the basis for the Stay Motion and argues that, without a stay, the present residents of one of the properties subject to a foreclosure action will suffer irreparable injury and harm. Stay Motion at 5. The Court first denies Appellant's Stay Motion before granting the extension request and setting a new briefing schedule.

Rule 8007 governs the procedure for a stay pending appeal of a bankruptcy court's order to the district court. However, the rule does not articulate the relevant standard. *See In re Savage & Assocs., P.C.*, No. 5-CV-2072 (SAS), 2005 WL 488643, at *1 (S.D.N.Y. Feb. 28, 2005)

(addressing an earlier version of the contemporary Rule 8007). Courts in the Second Circuit typically consider four factors in determining whether to grant a stay: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007) (quoting *Hirschfeld v. Board of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993)). "The decision as to whether to issue a stay of an order pending appeal lies within the sound discretion of the district court." *Id.* "A stay pending appeal under Rule 8007 is the exception, not the rule." *In re Carrington*, 698 F. Supp. 3d 659, 661 (S.D.N.Y. 2023) (citation and internal quotation marks omitted). In light of Appellant's pro se status, the Court construes the pleadings to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up).

The Court denies Appellant's Stay Motion. Rule 8007 provides that "[o]rdinarily, a party must move first in the bankruptcy court" for relief. Fed. R. Bankr. P. 8007(a)(1). To file directly in the district court, the motion must "show that moving first in the bankruptcy court would be impracticable" or if a motion has already been made in the bankruptcy court, state whether the court has ruled," among other things. *Id.* (b)(2). Appellant's motion does not address whether the Estate has also filed for a stay in the bankruptcy court, or, if not, why such a motion would be impracticable. Appellant's pro se status does not exempt him from complying with these rules. *See In re Carrington*, 698 F. Supp. 3d at 660 ("Although [the appellant] is pro se, and therefore, entitled to liberal reading of her pleadings, she is not exempt from compliance with relevant rules of procedural and substantive law."). "District courts routinely dismiss motions for a stay

pending appeal when, as here, relief is not first requested from the bankruptcy judge and the failure to do so is not adequately explained." *Id.* at 661 (S.D.N.Y. 2023) (quoting *In re Anderson*, 560 B.R. 84, 90 (S.D.N.Y. 2016)) (cleaned up). Accordingly, this procedural defect alone is sufficient to deny the stay. Nonetheless, denial on the merits is warranted here, too.

At least three of the four factors substantively weigh against granting a stay here. Appellant explains that the Estate Administrator and his children, including one child with disabilities, are at risk of losing their home if the foreclosure actions proceed. *See* Stay Motion at 2. This injury, however, only accompanies one of the three foreclosure actions at issue here. Furthermore, even if this injury support the first factor of the analysis, each of the other factors weighs against a stay. Most importantly, Appellant offers no basis for the Court to find that the Estate may succeed on appeal. No briefing has been filed in the appeal, nor have items been designated for the record. As a result, the Court has no insight into the merits of Appellant's appeal. The only characterization of the Chapter 7 dismissal before this Court is Appellant's allegation that the dismissal "is inconsistent with due process of law." Stay Motion at 2. Without a record, Appellant has not demonstrated "a substantial possibility . . . of success on appeal." *In re Adelphia*, 361 B.R. at 346. Similarly, Appellant does not offer any facts or argument for why the creditors would not incur substantial injury if a stay were to issue. And finally, the public interest weighs against a stay because the "public's interest in the expeditious administration of bankruptcy cases is impaired by obstructing a bankruptcy trustee's efforts to collect, liquidate and distribute assets to creditors of the estate." *In re Carrington*, 698 F. Supp. 3d at 662 (quoting *In re Kwok*, 653 B.R. 480, 508 (Bankr. D. Conn. 2023)) (cleaned up). Accordingly, the Stay Motion is premature and denied without prejudice to renew at a future time.

The Court does, however, grant Appellant's extension request. Appellant did not propose an alternative schedule and instead only cited needing more time for "the Estate Administrator to make a trip to the S.D.N.Y. Bankruptcy Court in Poughkeepsie, NY. to file the appropriate documents." Stay Motion at 1. Nonetheless, the Court timely received the Designation of the Record and Statement of the Issues, which appear to have been filed with the bankruptcy clerk. *See* ECF No. 8. Still, the Court sets the following revised briefing schedule. Appellant's brief shall be filed with this Court by July 10, 2026. Appellee's brief shall be filed and served on Appellant 30 days later, by August 9, 2026. Appellant's reply brief shall be due 30 days later, by September 8, 2026.

The Clerk of Court is directed to mail a copy of this Order to Appellant and terminate ECF No. 7.

Dated:  May 29, 2026
        White Plains, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge