UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: THE ESTATE OF ANGELA D. SIMPSON-MANIGAULT, | 25-CV-8199 (JGLC) **ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

This appeal comes before the Court from the Bankruptcy Court of the Southern District of New York. Appellant the Estate of Angela D. Simpson-Manigault, which is proceeding pro se, asks this Court to reverse the Bankruptcy Court's dismissal of its Chapter 7 bankruptcy case.

Because estates are not eligible to be Chapter 7 debtors under the Bankruptcy Code, the Court denies Appellant's request and affirms the Bankruptcy Court's dismissal.

**BACKGROUND**

On May 12, 2025, Appellant initiated a Chapter 7 bankruptcy case in the Bankruptcy Court of the Southern District of New York. *See* Petition, *In re The Estate of Angela D. Simpson-Manigault*, No. 25-35500 (KYP) (Bankr. S.D.N.Y. May 12, 2025) ("Bankr. Case"), ECF No. 1. The U.S. Trustee moved for dismissal of the bankruptcy case on the ground that Appellant, a decedent's estate, was not eligible to be a debtor in bankruptcy. Bankr. Case, ECF No. 7. On September 2, 2025, after granting the U.S. Trustee's motion, the Bankruptcy Court dismissed the case. Bankr. Case, ECF No. 20.

On October 3, 2025, Appellant filed in this Court a notice of appeal of the Bankruptcy Court's dismissal. ECF No. 1. On October 8, 2025, the Court then dismissed the appeal for "fail[ure] to file the Designation of Items to be [i]ncluded in the Record as required by" Federal Rule of Bankruptcy Procedure 8009. ECF No. 4. However, on October 29, 2025, Appellant moved to reopen the appeal, ECF No. 5, which the Court granted on May 11, 2026, ECF No. 6.

On July 10, 2026, Appellant filed its brief. ECF No. 10. On July 31, 2026, Appellee United States Trustee filed its brief. ECF No. 12. Appellee also filed a notice of the Bankruptcy Court's memorandum and decision denying Appellant's motion for stay pending appeal. ECF No. 13.

Appellant's deadline to file its reply brief was September 8, 2026. *See* ECF No. 9. However, Appellant failed to file a timely reply and has still yet to file anything in response to Appellee's brief.

## LEGAL STANDARD

District courts have appellate jurisdiction over final judgments of bankruptcy courts. 28 U.S.C. § 158(a). Findings of fact are reviewed for clear error, while conclusions of law are reviewed de novo. *In re Colony Hill Assocs.*, 111 F.3d 269, 273 (2d Cir. 1997). Mixed questions of law and fact are reviewed de novo. *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003).

## DISCUSSION

This appeal hinges on a well-established legal principle: "Probate estates lack the power to petition for bankruptcy relief." *In re Feiffer*, No. 24-60942 (PGR), 2025 WL 951005, at *4 (Bankr. N.D.N.Y. Mar. 28, 2025). The Bankruptcy Code states that "only a *person* that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor" under Chapter 7. 11 U.S.C. § 109(a) (emphasis added). A "person," as defined in the Bankruptcy Code, includes individuals, partnerships, and corporations and governmental units that are engaged in certain financial or commercial activity. 11 U.S.C. § 101(41). The Code separately defines an "entity" as including both a "person" and an "estate"—11 U.S.C. § 101(15)—making clear that "person" is not an "estate" under the Code. Here, the Appellant, an estate, "is not eligible to be a debtor under" Chapter 7, or "any chapter of the Bankruptcy Code."

*In re Morris*, 679 B.R. 525, 530 (Bankr. E.D.N.Y. 2026). *See also In re Est. of Taplin*, 641 B.R. 236, 239 (Bankr. E.D. Cal. 2022) ("[A] decedent's estate is not eligible to be a debtor under any Bankruptcy Code chapter."). And, Appellant did not, and cannot, provide any caselaw to the contrary.

Therefore, the Bankruptcy Court correctly determined that Appellant, the estate of decedent Angela D. Simpson-Manigault, is ineligible to seek Chapter 7 relief, and Appellant's underlying bankruptcy case was properly dismissed on this ground. Although Appellant raises other arguments in its brief, such as procedural defects and lack of notice, *see* ECF No. 10 at 3, the Court need not consider these arguments, because Appellant, as a decedent's estate, cannot bring this matter in the first place. Accordingly, the appeal is denied.

**CONCLUSION**

The Court DENIES Appellant's appeal and AFFIRMS the dismissal of Appellant's underlying bankruptcy case.

The Clerk of Court is directed to close this case.

Dated: September 15, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge