MEMO ENDORSED

2026 SEP 15 PM 4:16

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | : | **U.S. DISTRICT COURT** |
| **THE ESTATE OF ANGELA D. SIMPSON-MANIGAULT** | | |
| | : | **Civil Action No. 25-CV-08199 JGLC** |
| | : | |
| | : | **SEPTEMBER 10, 2026** |

*****************************************************************************************************

## THE ESTATE OF ANGELA D. SIMPSON-MANIGAULT'S EMERGENCY MOTION FOR STAY PENDING APPEAL OF THE CHAPTER 7 DISMISSAL

**COMES NOW** Appellant, The Estate of Angela D. Simpson-Manigault, who hereby respectfully moves this Honorable Court pursuant to Fed. R. Bankr. P. 8007 for an Emergency Stay of all Foreclosure proceedings that pertain to the Estate of Angela D. Simpson-Manigault. On May 11, 2026, the Hon. Judge Jessica G. L. Clarke graciously issued an Order that GRANTED the Estate's Motion to Reopen the Appeal of the Chapter 7 Bankruptcy dismissal. The Estate Administrator had just received a copy of the Order, by mail, on Thursday, May 21, 2026. The Order includes specific instructions and deadlines for the Appellant to file the Designation of the Record and Statement of the Issues by May 29, 2026. The Order contained additional dates and deadlines for both the Appellant and Appellee that continue through September 8, 2026.

On May 27, 2026, the pro-se Estate filed an Emergency Motion for Stay Pending Appeal of the Chapter 7 Dismissal with the United States District Court, along with a request for an Extension of Time to file the required briefs. On May

29, 2026 the Hon. Judge Jessica G.L. Clarke issued an Order denying the Emer Motion for Stay, as the rules require that the motion be filed first in Bankruptcy Court, but did grant an Extension of Time to file briefs according to the revised Briefing Schedule The Estate Administrator received a copy of the new Order, by mail, on Tuesday, June 16, 2026.

On June 29, 2026, the pro-se Estate filed an Emergency Motion for Stay with the S.D.N.Y. Bankruptcy Court. On July 14, 2026, the United States Trustee filed its Objection to the Estate's Motion. On August 17, 2026, the S.D.N.Y. Bankruptcy Court denied the Estate's Emergency Motion for Stay.

The pro-se Estate, as per the Order of the U.S.D.C, hereby files its Emergency Motion for Stay Pending Appeal of the Chapter 7 Dismissal.

**INTRODUCTION**

Appellant in the above captioned bankruptcy case is an aggrieved party and is directly and adversely affected pecuniary by the Order of the Bankruptcy Court dismissing the Chapter 7 bankruptcy. The Order is inconsistent with due process of law. The Order allows creditors to resume foreclosure of the Estate's interest in a residence in Fairfield, CT, along with another property in Westport, CT (in the Superior Courts of the State of Connecticut), and a property in Highland Mills, NY (in the New York Supreme Court of Orange County, NY). The properties are listed in the following Foreclosure actions:

A: Deutsche Bank v. G.L.A.D. Enterprises, LLC ET AL, FBT-CV-16-6059644S

B. Deutsche Bank v. Angela D. Simpson ET AL, FBT-CV-15-6053107-S

C. The Bank of New York v. Glenn Manigault et al, EF009716-2019.

The state court actions could result in the loss of the Estate's interest in a home in Fairfield, CT, which is home to a father and 3 children, one of which has special needs. The Bankruptcy Court violated the Appellant's Due Process rights and ignored the Fed. Rules of Civil Procedure and the Bankruptcy Rules. The Estate was not allowed to retain legal counsel to represent it in the Chapter 7

Bankruptcy, or retain an attorney for a special needs daughter and would be severely prejudiced if the foreclosures proceeded to trial.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Pro-se Appellant, Estate of Angela D. Simpson-Manigault, hereby respectfully submits its **EMERGENCY MOTION FOR STAY PENDING APPEAL OF THE CHAPTER 7 DISMISSAL.**

1. The bankruptcy case originally commenced as a Chapter 7 case on May 12, 2025. (Bankr. Case No. **25-B-35500 (KYP)**)
2. On May 13, 2025, the United States Trustee appointed Fred Stevens as the Chapter 7 trustee.
3. Official Form 309C was mailed to the Estate - Notice of Chapter 7 Bankruptcy Case - no Proof of Claim deadline.
4. On June 12, 2025, the US Trustee filed its Motion to Dismiss the Chapter 7 with the Court.
5. On June 18, 2025, a creditor filed a Memorandum in Support of the US Trustee's Motion to Dismiss.
6. On August 15, 2025, the Estate filed an Objection to the US Trustee's Motion to Dismiss.
7. On August 26, 2025, the Court held a hearing on both the US Trustee's Motion to Dismiss and the Estate's Objection.
8. On September 2, 2025, the Court granted the US Trustee's Motion to Dismiss the Chapter 7 case.
9. On September 11, 2025, the Estate filed a timely Notice of Appeal and Statement of Election. On that same day, the Appeals Specialist in the Bankruptcy Clerk's office reviewed the Estate's appeal and told the Estate Administrator it was complete and the US District Court would receive the appeal in a few weeks and send out the Briefing Schedule.

10. On or around October 10, 2025, the Estate received a Notice of Transmittal of Record of Appeal, dated October 3, 2025. The Notice stated the Notice of Appeal filed on September 11, 2025 has been transmitted to the US District Court. It also stated the Record of Appeal is complete.

11. The Estate Administrator waited for the Briefing Schedule to be mailed.

12. On October 21, 2025, the Estate Administrator drove to the US District Court in White Plains, NY to check on the status of the Briefing Schedule, as it had not been received by the Estate.

13. Upon checking the Appeal docket sheet on the computer, the Estate Administrator learned the appeal had been dismissed on October 8, 2025 for Failure to Prosecute and deemed abandoned, even though the Briefing Schedule showed the Appellants brief due on November 3, 2025.

14. An order was filed on October 8, 2025 and signed by Judge Clarke. It appears a letter was sent from the Bankruptcy clerk to the USDC clerk, claiming the Petitioner failed to file the Designation of Items, FRBP 8009. The letter was dated October 3. No notice was sent to the Estate.

15. The Estate Administrator, a pro se, had no knowledge that the appeal was incomplete, as the Appeals Specialist had informed him the appeal was complete, back on September 11. No notice was sent.

16. In fact, the Estate had received a Notice of Transmittal that stated "The record appeal is complete…" (See No. 10). The notice did not state that there were any missing items, and there was no Order Returning Submission filed by the Court that would have stated the clerk received your appeal, but it is deficient in the following areas:

17. The US District Court received the appeal on October 3 and dismissed it 5 days later, on October 8, without affording the pro-se Appellant the opportunity to cure the deficiency, which it was not aware.

18. On October 29, 2025, the Estate filed a Motion to Reopen Appeal of Chapter 7 Dismissal.

19. On May 11, 2026, the Hon. Judge Jessica G.L. Clarke GRANTED the Appellants Motion to Reopen the Appeal.
20. On Thursday, May 21, 2026, the Estate Administrator received the Order, by mail.
21. On May 27, 2026, the pro-se Estate filed its Emergency Motion for Stay Pending Appeal of the Chapter 7 Dismissal with the U.S.D.C.
22. On May 29, 2026, the Hon. Judge Jessica G.L. Clarke DENIED the Appellants Emergency Motion for Stay Pending Appeal of the Chapter 7 Dismissal, but GRANTED the Appellants Extension of Time.
23. On June 29, 2026, the pro-se Estate filed its Emergency Motion for Stay Pending Appeal with the S.D.N.Y. Bankruptcy Court..
24. On July 14, 2026, the United States Trustee filed its Objection to the Estate's Emergency Motion for Stay.
25. On August 17, 2026, the S.D.N.Y. Bankruptcy Court denied the Estate's Motion for an Emergency Stay.

## LEGAL ARGUMENT

## I. LEGAL STANDARDS

### A. PURPOSE

Fed. R. Bankr. P. 8007 is derived from former B.R. 8005, and governs a stay pending appeal. Rule 8007 establishes the procedures for stays in all appeals. Subdivision (b)(2) clarifies that a motion for stay pending appeal, may be made in the Bankruptcy Court, or in the U.S. District Court.The purpose of the automatic stay is to protect the appellant from harassment and frustration. A stay pending appeal is not a matter of right, but instead an exercise of judicial discretion dependent on the facts and circumstances of the particular case. The party requesting a stay pending appeal bears the burden of showing that the circumstances justify the exercise of judicial discretion. The decision to grant the

stay is left to the discretion of the Bankruptcy Court, or if applicable, the U.S. District Court.

**B. GROUNDS TO STAY THE ORDER PURSUANT TO RULE 8007**

**1. Without a Stay, Appellant Will Suffer Irreparable Injury and Harm**

Appellant faces imminent danger of losing the property by way of a foreclosure action pending in the State Court. The property in Fairfield, CT constitutes its primary residence and its largest single asset that the Estate owns. It is the home in which the heirs of the Estate live, including a child with special needs. There has been no legal representation on her behalf. Consequently, appellant will be irreparably injured absent a stay should creditors be allowed to proceed against appellant in State Court.

In addition, the Hon. Judge Clarke noted in her Order to Reopen the Appeal that there was "excusable neglect…Plaintiff is pro se, and in light of this status, the Court 'grant[s] special leniency regarding procedural matters…"

The United States Trustee seems determined to defend the alleged Creditors in this matter, creditors that the United States Department of the Treasury and the Internal Revenue Service have determined to have committed Identity Theft against the Estate Administrator, Glenn L. Manigault, in the creation of fake mortgages against the properties in Fairfield, CT and Westport, CT. The Creditors in the Chapter 7 case have "Unclean hands", and should not be rewarded with a Chapter 7 dismissal.

Finally, the Estate is requesting additional time from this Court for permission to serve a Subpoena to Appear or be Deposed on the Law Offices of Robert M. Geller, the law firm that advised the Estate Administrator that it could indeed file a Chapter 7 on behalf of the Estate. The Law Offices of Robert M. Geller needs to respond to this Court under oath that it advises an Estate may file for bankruptcy.

## CONCLUSION

**WHEREFORE** for all of the foregoing reasons, appellant prays that this Court enters an **EMERGENCY MOTION FOR STAY PENDING APPEAL OF THE CHAPTER 7 DISMISSAL** and allow the pending Appeal of the Chapter 7 Dismissal to proceed as scheduled.

Respectfully,

Glenn L. Manigault
Estate Administrator

Glenn L. Manigault, Admin

Application DENIED. For the reasons stated in the Court's September 16, 2026 Order at ECF No. 15, this case is closed and Appellant's appeal is denied. Accordingly, the motion for a stay is denied. For the same reason, Appellant's extension request for service of a subpoena or to procure a deposition, ECF No. 15, is denied. The Clerk of Court is directed to mail a copy of this Order to Appellant and terminate ECF No. 16.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge
Dated: September 21, 2026
White Plains, New York